(No. 3191—

HORST & STRIETER COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 20, 1938.*

Claimant, pro se.

OTTO KERNER, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court.

In the early part of the year 1935, the State of Illinois purchased a large number of Ford V-8 coaches through the authorized Ford dealer at Springfield, Illinois. These cars were then assigned to the several Highway Maintenance Police Districts, one of which was District No. 7 with headquarters at Rock Island, Illinois.

After the cars were placed in service, it was found that certain defects appeared. At that time the Division of Highways Maintenance Police decided that it would be best to have the replacements and service provided by the local authorized Ford dealer at Rock Island, thereby saving time and expense in bringing the cars to the Springfield Ford agency through whom they were purchased. The Horst & Strieter Company made application to the Ford Motor Company of Detroit, Michigan, to have certain replacements and services given at the expense of the Ford Motor Company. Those replacements and services were found to be a just charge against the Ford Motor Company, when the cars were brought in before the expiration of the guarantee period.

During the same period other replacements and services were provided by the Horst & Strieter Company, which in no way concerned the Ford Motor Company.

The Horst & Strieter Company kept all of its correspondence with the Ford Motor Company, invoices and bills on all the above materials and labor together until guaranteed replacements were all made. This, in a large measure, accounts for the delay in presenting the bills and invoices for payments.

All materials, service, and labor shown in the bill of particulars (invoices and bills) were provided by the Horst & Strieter Company and the charges made for each item is the regulation one made by Ford agencies.

The amount of services rendered by claimant on cars serviced by it for the State during the same period in which guaranteed replacements were being made, amounts to a total of $46.92. This bill has not been paid for the reason that the appropriation out of which such payment could have been made had lapsed before the adjustment of accounts could be determined. It appears that at the time the appropriation lapsed there remained therein an unexpended bal-

ance sufficient to pay for the bill in question, and that such bill represents the usual customary and standard charges made for such services.

In conformity with the Opinion heretofore rendered in *Rock Island Sand & Gravel Company*, vs. *State*, 8 C. C. R. 165, and other cases,

"Where claimant has rendered services or furnished supplies to the State on the order of one authorized to contract for same and a bill is thereafter submitted within a reasonable time but, through no negligence of claimant, is not presented, approved or vouchered before the appropriation from which it is payable lapses, an award for the reasonable and customary value thereof will be made, if at the time the obligation was incurred there were sufficient funds unexpended in the appropriation therefor to pay said account,"

an award is therefore allowed in favor of claimant in the sum of $46.92.